TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorney for the Plaintiff and proposed Collective and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

YONG BIAO JI,
*on behalf of himself and others similarly situated,*
                                                              Plaintiff,

                              v.

NEW AILY FOOT RELAX STATION INC and
EILEEN FOOT RELAX STATION INC,
                                                              Defendants.
-----------------------------------------------------------------x

**Case No. 22-cv-8196**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff YONG BIAO JI (hereinafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Troy Law, PLLC, hereby brings this complaint against Defendants NEW AILY FOOT RELAX STATION INC and EILEEN FOOT RELAX STATION INC (collectively referred to hereinafter as "Defendants"); and alleges as follows:

## INTRODUCTION

1.      This action is brought by the Plaintiff, on behalf of himself and others similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* of the Wage Theft Prevention Act ("WPTA") and Minimum Wage Act ("MWA") incorporated in the New York Labor Law ("NYLL"), N.Y. Lab. L. §§ 190 *et seq.*, 650 *et seq.*, and the Minimum Wage Order for Miscellaneous Industries and Occupations ("Wage Order"), 12 N.Y.C.R.R. § 142, arising from Defendants' predecessors' various willful, malicious,

and unlawful employment policies, patterns, and/or practices, for which Defendants are liable as successors.

2.      Plaintiff alleges pursuant to FLSA that he is entitled to recover from the Defendants (1) unpaid overtime wages, (2) liquidated damages, and/or (3) attorney fees and costs.

3.      Plaintiff alleges pursuant to the NYLL that he is entitled to recover from the Defendants (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread of time wages, (4) liquidated damages, (5) statutory damages for failure to provide accurate wage statements with each payment of wages, (6) prejudgment and post judgment interest and (7) reasonable attorney fees and costs.

## JURISDICTION AND VENUE

4.      The court has subject matter jurisdictions over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

5.      This court has supplemental jurisdiction of Yong Biao Ji's state law claims under Section 1967, Subsection (a) of Title 28 of the United States Code.

6.      Venue is proper in the United States District Court for the Southern District of New York pursuant to Subsection (b) and (c) of Title 28 of the United States Code, because Defendants conduct business in the Southern District of New York, and because the acts and omissions giving rise to the claims alleged herein took place within the Southern District of New York.

## PLAINTIFF

7.      From on or about November 01, 2016 to May 31, 2017, and again from September 2, 2018 to October 23, 2019 Plaintiff was employed to worked as a masseur for Corporate Non-defendants Aily Foot Relax Station Inc located and Linda Foot Relax Spa Station Inc to work

concurrently at their spas, known as "Foot Relax Spa," located respectively at: 1793 Central Park Avenue, Yonkers, NY 10710; and 3185 US-46 #17, Parsippany, NJ 07054.

## **DEFENDANTS**

8.      NEW AILY FOOT RELAX STATION INC is and was a domestic business corporation with a registered address at 1793 Central Park Avenue, Yonkers, NY 10710, and was a domestic business corporation with a principal place of business at 1793 Central Park Avenue, Yonkers, NY 10710, where it operated "Foot Relax Spa."

9.      NEW AILY FOOT RELAX STATION INC is and was a business engaged in interstate or foreign commerce.

10.      NEW AILY FOOT RELAX STATION INC is and was a business with a gross annual revenue in excess of $500,000.00 per year.

11.      EILEEN FOOT RELAX STATION INC is and was a domestic business corporation with a registered address and a principal place of business at 1793 Central Park Avenue, Yonkers, NY 10710, where it operates "Foot Relax Spa."

12.      EILEEN FOOT RELAX STATION INC is and was a business engaged in interstate or foreign commerce.

13.      EILEEN FOOT RELAX STATION INC is and was a business with a gross annual revenue in excess of $500,000.00 per year.

## **NON-PARTIES**

### *Corporate Non-Defendants/Predecessors*

14.      Aily Foot Relax Station Inc. is and was a domestic business corporation with a registered address at 1793 Central Park Avenue, Yonkers NY 10710 and was a domestic business

corporation with a principal place of business at 1793 Central Park Avenue, Yonkers NY 10710, where it operated "Foot Relax Spa."

15.     Aily Foot Relax Station Inc. is and was a business engaged in interstate or foreign enterprise.

16.     Aily Foot Relax Station Inc. was a business with a gross annual revenue in excess of $500,000.00 per year.

17.     Linda Foot Relax Spa Station Inc is and was a domestic business corporation with a registered address and a principal place of business at 3185 US-46 #17, Parsippany, NJ 07054, where it operates "Foot Relax Spa."

18.     Linda Foot Relax Spa Station Inc is and was a business engaged in interstate or foreign enterprise.

19.     Linda Foot Relax Spa Station Inc is and was a business with a gross annual revenue in excess of $500,000.00 per year.

***Individual Non-Defendants***

20.     Xiang Man Zhang a/k/a Ailing Zhang is known to Plaintiff as the "lady boss," supervised Plaintiff throughout his employment, at both the Yonkers and Parsippany Foot Relax Spa locations, and was his day-to-day manager throughout his employment.

21.     Xiang Man Zhang actually hired Plaintiff.

22.     Xiang Man Zhang throughout Plaintiff's employment had the power to hire and fire each of the employees who worked at both the Yonkers and Parsippany Foot Relax Spa locations, including Plaintiff; determined the pay rates for each of the employees at both the Yonkers and Parsippany Foot Relax Spa locations, including Plaintiff; and kept records for both the Yonkers and Parsippany Foot Relax Spa locations, including Plaintiff.

23.     Xiang Man Zhang acted willfully, intentionally, and maliciously and is an employer within the meaning of the FLSA and NYLL, and is jointly and severally liable with Defendants and Corporate Non-Defendants

24.     Ke Xue Zhang is known to Plaintiff as the "boss" and acted as the day-to-day manager at both the Yonkers and Parsippany Foot Relax Spa locations during Plaintiff's employment, concurrently with Xiang Man Zhang.

25.     Ke Xue Zhang throughout Plaintiff's employment had the power to hire and fire each of the employees who worked at both the Yonkers and Parsippany Foot Relax Spa locations, including Plaintiff; determined the pay rates for each of the employees at both the Yonkers and Parsippany Foot Relax Spa locations, including Plaintiff; and kept records for both the Yonkers and Parsippany Foot Relax Spa locations, including Plaintiff.

26.     Ke Xue Zhang acted willfully, intentionally, and maliciously and is an employer within the meaning of the FLSA and NYLL, and is jointly and severally liable with Defendants and Corporate Non-Defendants.

## STATEMENT OF FACTS

### NEW AILY FOOT RELAX STATION INC Is a Successor to Aily Foot Relax Station Inc.

27.     Aily Foot Relax Station Inc. operated "Foot Relax Spa" throughout Plaintiff's employment, and has not dissolved.

28.     Plaintiff sued Aily Foot Relax Station Inc., along with Linda Foot Relax Spa Station Inc, Xiang Man Zhang, and Ke Xue Zhang, on December 29, 2019 for unpaid wages in a lawsuit styled *Ji v. Aily Foot Relax Station Inc.*, No. 19-cv-11881 (VM) (JCM), in the United States District Court for the Southern District of New York ("*Aily I*").

29.     Defendants in *Aily I* appeared through counsel on January 17, 2020.

30.     NEW AILY FOOT RELAX STATION INC was formed on January 7, 2020.

31.     Upon information and belief, in or about January 2020, Aily Foot Relax Station Inc. transferred all its assets, including its equipment, lease of the premises at 1793 Central Park Avenue, Yonkers NY 10710, telephone number, goodwill, and other assets, to NEW AILY FOOT RELAX STATION INC for no consideration and fraudulently, for the purpose of rendering Aily Foot Relax Station Inc. judgment-proof in *Aily I*.

32.     Following the asset transfer, while Aily Foot Relax Station Inc. has not dissolved, it no longer does business.

33.     Upon information and belief, following the asset transfer, substantially all of Aily Foot Relax Station Inc.'s employees continued to work for NEW AILY FOOT RELAX STATION INC to operate Foot Relax Spa, offering substantially the same services to the same clientele.

34.     Upon information and belief, Aily Foot Relax Station Inc. and NEW AILY FOOT RELAX STATION INC. were both owned in whole or in part by Xiang Man Zhang and Ke Xue Zhang.

35.     Upon information and belief, following the asset transfer, Xiang Man Zhang continued to serve as the manager of Foot Relax Spa for NEW AILY FOOT RELAX STATION INC.

36.     NEW AILY FOOT RELAX STATION INC is a mere continuation of Aily Foot Relax Station Inc., and is substantially in continuity with Aily Foot Relax Station Inc.

### EILEEN FOOT RELAX STATION INC Is a Successor to NEW AILY FOOT RELAX STATION INC

37.     EILEEN FOOT RELAX STATION INC was formed on March 3, 2020.

38.     The Court in *Aily I* denied the motion of defendants in that case for dismissal of the complaint on April 14, 2020.

39.     Upon information and belief, in or about April 2020, NEW AILY FOOT RELAX STATION INC transferred all its assets, including its equipment, lease of the premises at 1793 Central Park Avenue, Yonkers NY 10710, telephone number, goodwill, and other assets, to EILEEN FOOT RELAX STATION INC for no consideration and fraudulently, for the purpose of rendering further insulating defendants in *Aily I* from having to pay a judgment.

40.     Following the asset transfer, while NEW AILY FOOT RELAX STATION INC has not dissolved, it no longer does business.

41.     Upon information and belief, following the asset transfer, substantially all of NEW AILY FOOT RELAX STATION INC's employees continued to work for EILEEN FOOT RELAX STATION INC to operate Foot Relax Spa, offering substantially the same services to the same clientele.

42.     Upon information and belief, NEW AILY FOOT RELAX STATION INC and EILEEN FOOT RELAX STATION INC were both owned in whole or in part by Xiang Man Zhang and Ke Xue Zhang.

43.     Upon information and belief, following the asset transfer, Xiang Man Zhang continued to serve as the manager of Foot Relax Spa for EILEEN FOOT RELAX STATION INC.

44.     EILEEN FOOT RELAX STATION INC is a mere continuation of NEW AILY FOOT RELAX STATION INC, and is substantially in continuity with NEW AILY FOOT RELAX STATION INC.

### Wage-and-Hour Claims

45.     There are around eighteen (18) employees across both Foot Relax Spa locations.

46.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

47.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

48.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

49.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employee's overtime.

50.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

51.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

52.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

53.     Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

54.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

***Plaintiff YONG BIAO JI***

55.     From on or about November 01, 2016 to May 31, 2017 and again from September 2, 2018 to October 23, 2019 Yong Biao Ji was employed by Defendants to work as a masseur at Foot Relax Spa located at 1793 Central Park Avenue, Yonkers, NY 10710 and concurrently at Foot Relax Spa located at 3185 US-46 # 17, Parsippany, NJ 07054.

56.     From on or about November 01, 2016 to May 31, 2017 and again from September 2, 2018 to October 23, 2019 Plaintiff YONG BIAO JI regularly worked six days per week:

    a.  From about 9:40 AM through about 11:45 PM each day he worked at the Yonkers location; or

    b.  From about 10:30 AM through about 11:45 PM each day he worked at the Parsippany location.

57.     Plaintiff's one day off each week could fall on any day between, and inclusive of, Monday and Thursday.

58.     Plaintiff was driven to and from work in a company van. Which location he would be driven to each day was not up to him, but depended on which location needed hands.

59.     Depending on where he worked each day throughout the week, Plaintiff worked anywhere between 70.50 hours and 84.50 hours per week.

60.     At all relevant times, Plaintiff YONG BIAO JI did not have a fixed time for lunch or for dinner.

61.     In fact, Plaintiff YONG BIAO JI had five (5) minutes to eat and even then he was on call, meaning that if customer came he has to do massage, his break stopped.

62.     Throughout his employment, Plaintiff YONG BIAO JI was paid on a piece rate that did not include overtime pay or spread of hours pay.

63.     Throughout his employment, Plaintiff YONG BIAO JI was not exempt from receiving overtime.

64.     From on or about November 01, 2016 to May 31, 2017, Plaintiff YONG BIAO JI was paid $12.00 per one-hour back and/or foot massage, and $6.00 per half-hour back and/or foot massage.

65.     From on or about September 2, 2018 to October 23, 2019, Plaintiff YONG BIAO JI was paid $13.00 per one-hour back and/or foot massage, and $6.00 per half-hour back and/or foot massage.

66.     Throughout his employment, Plaintiff completed, on average, five hour-long massages and two half-hour massages per day. Plaintiff spent the remainder of his working day doing miscellaneous tasks (for instance, cleaning massage areas) and on call to work in case a customer came into the shop. Plaintiff was not free to leave the shop or its immediate vicinity during the working day.

67.     Over the course of his employment, Defendants failed to pay Plaintiff YONG BIAO JI about $900.00 of the pay he was owed under this scheme.

68.     Plaintiff YONG BIAO JI was mostly paid in cash.

69.     At neither of his times of hire (in November 2016 and in September 2018), nor at any other time during his employment, was Plaintiff given a notice, in English and his primary language of Chinese, setting forth his regular or overtime rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; or the telephone number of the employer.

70.     Throughout his employment, Plaintiff YONG BIAO JI was not furnished a statement with any payment of wages setting forth: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; regular or overtime rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

## COLLECTIVE ALLEGATIONS

71.     Plaintiff brings this action individually and on behalf of all other current and former non-exempt workers employed by Defendants at "Foot Relax Spa" over the three years preceding the filing of this Complaint, through entry of judgment in this case (the "Collective").

## CLASS ALLEGATIONS

72.     Plaintiff brings his state-law claims as a class action pursuant to Article IX of the Civil Practice Law and Rules, on behalf of all other current and former non-exempt workers employed by Defendants at "Foot Relax Spa" over the six years preceding the filing of this Complaint, through entry of judgment in this case (the "Class").

73.     The Class members are readily ascertainable. The Class members' number, names, addresses, positions held, hours assigned and worked, and rates of pay are determinable from Defendants' records. Notice can be provided by means permissible under Rule 904 of the CPLR.

### *Numerosity*

74.     The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

75.    Although the precise number of such persons is unknown, and the facts on which the calculation of the precise number are presently within the sole control of Defendants, upon information and belief, there are more than 40 members of the Class.

### *Commonality*

76.    There are questions of law and fact common to the Class which predominate over any questions affecting individual members, including: (1) whether Defendants employed the Class members within the meaning of New York law; (2) whether the Class members were paid less than the minimum wage; (3) whether the Class members were paid overtime; (4) whether the Class members were paid an extra hour's pay at the minimum wage for each day their spread of time exceeded 10 hours; (5) whether the Class members were provided with wage statements adequate under Section 195.3 of the NYLL; and (6) at what common rate, or rates subject to common method of calculation, were and are Defendants required to pay Class members?

### *Typicality*

77.    Plaintiff's claims are typical of those claims which could be alleged by any Class member, and the relief sought is typical of the relief that would be sought by any Class member in a separate action.

78.    All the Class members were subject to the same policy and practice of denying minimum wages, overtime, and spread of time.

79.    Defendants' policy and practice affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.

80.    Plaintiff and the other Class members sustained similar losses, injuries, and damages arising from the same unlawful policy and practice.

*Adequacy*

81.     Plaintiff is fairly and adequately able to protect the interests of the Class and has no interests antagonistic to the Class.

82.     Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class actions and wage-and-hour employment litigations.

*Superiority*

83.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

84.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

85.     Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

86.     Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

87.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the

impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

88.      The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

89.      Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.

90.      Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

91.      Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

92.      Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### VIOLATION OF N.Y. LAB. L. § 191—FAILURE TO PAY WAGES TIMELY BROUGHT ON BEHALF OF THE PLAINTIFF AND THE CLASS

93.      Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94.      Section 191.1(a)(i) of the NYLL provides in relevant part that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages were earned."

95.      Due to missed payments over the course of Plaintiff's employment, Plaintiff was not paid and has not been paid about $900.00 within the time limit established by Section 191.1(a)(i)

of the NYLL.

96.     Section 198.1-a of the NYLL provides in relevant part that "[i]n any action instituted in the courts upon a wage claim by an employee [] in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."

97.     Defendants, through Xiang Man Zhang and/or Ke Xue Zhang, knowingly, willfully, maliciously, and fraudulently received the assets ultimately of Aily Foot Relax Station Inc., and are successors of Aily Foot Relax Station Inc., which, through Xiang Man Zhang and/or Ke Xue Zhang had knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to pay Plaintiff all his wages timely.

## COUNT II.
## VIOLATION OF N.Y. LAB. L. § 652 AND 12 N.Y.C.R.R. § 142-2.1—FAILURE TO PAY MINIMUM WAGE
## BROUGHT ON BEHALF OF THE PLAINTIFF AND THE CLASS

98.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99.     Section 652.1 of the NYLL provides that "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than[] $9.00 on and after December 31, 2015," and that "[e]very employer of eleven or more employees shall pay to each of its employees for each hour worked in the counties of Nassau, Suffolk and Westchester a wage of not less than: $10.00 per hour on and after December 31, 2016, $11.00 per hour on and after December 31, 2017, $12.00 per hour on and after December 31, 2018, [and] $13.00 per hour on and after December

31, 2019."

100.   Defendants' Predecessors were not entitled to take a tip allowance from the minimum wage with respect to Plaintiff.

101.   Defendants' Predecessors did not furnish Plaintiff with a written notice that they were claiming a tip allowance pursuant to Section 195.1 of the NYLL.

102.   Neither did Defendants' Predecessors keep and maintain substantial evidence, pursuant to Section 142-2.5, subsection (b)(1)(ii) of the Wage Order that Plaintiff's tips exceeded the thresholds set forth in Section 142-2.5, subsection (b)(2) of the Wage Order.

103.   Neither did Defendants record Plaintiff's tips as a separate item in their wage record for Plaintiff.

104.   Plaintiff's piece rate after about December 31, 2016 did not amount to more than the minimum wage.

105.   Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs and reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."

106.   Defendants, through Xiang Man Zhang and/or Ke Xue Zhang, knowingly, willfully, maliciously, and fraudulently received the assets ultimately of Aily Foot Relax Station Inc., and are successors of Aily Foot Relax Station Inc., which, through Xiang Man Zhang and/or Ke Xue Zhang had knowingly, willfully, and maliciously disregarded the provisions of the NYLL by

failing to pay Plaintiff at least the minimum wage.

**COUNT III.**
**VIOLATION OF 29 U.S.C. § 207(a)(1)—FAILURE TO PAY OVERTIME**
**BROUGHT ON BEHALF OF THE PLAINTIFF AND THE COLLECTIVE**

107.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

108.    Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

109.    Throughout his employment, Plaintiff was paid a piece rate that did not include additional pay at time-and-a-half for overtime.

110.    Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

111.    Defendants, through Xiang Man Zhang and/or Ke Xue Zhang, knowingly, willfully, maliciously, and fraudulently received the assets ultimately of Aily Foot Relax Station Inc., and are successors of Aily Foot Relax Station Inc., which, through Xiang Man Zhang and/or Ke Xue Zhang had knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Plaintiff overtime.

**COUNT IV.**
**VIOLATION OF 12 N.Y.C.R.R. § 142-2.2—FAILURE TO PAY OVERTIME**
**BROUGHT ON BEHALF OF THE PLAINTIFF AND THE CLASS**

112.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

113.    Section 659 of the NYLL authorizes the Commissioner of Labor to issue minimum wage orders, including the Wage Order.

114.    Section 142-2.2 of the Wage Order provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of… the Fair Labor Standards Act."

115.    Throughout his employment, Plaintiff was paid a piece rate that did not include additional pay at time-and-a-half for overtime.

116.    Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action."

117.    Defendants, through Xiang Man Zhang and/or Ke Xue Zhang, knowingly, willfully, maliciously, and fraudulently received the assets ultimately of Aily Foot Relax Station Inc., and are successors of Aily Foot Relax Station Inc., which, through Xiang Man Zhang and/or Ke Xue Zhang had knowingly, willfully, and maliciously disregarded the provisions of the NYLL by

failing to pay Plaintiff overtime.

### COUNT V.
### VIOLATION OF 12 N.Y.C.R.R. § 142-2.4—FAILURE TO PAY SPREAD OF TIME BROUGHT ON BEHALF OF THE PLAINTIFF AND THE CLASS

118.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

119.    Section 659 of the NYLL authorizes the Commissioner of Labor to issue minimum wage orders, including the Wage Order.

120.    Section 142-2.4 of the Wage Order provides that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur."

121.    Throughout his employment, Plaintiff was paid a piece rate that did not include additional pay at the minimum wage rate for each day his spread of time exceeded ten (10) hours.

122.    Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action."

123.    Defendants, through Xiang Man Zhang and/or Ke Xue Zhang, knowingly, willfully, maliciously, and fraudulently received the assets ultimately of Aily Foot Relax Station Inc., and are successors of Aily Foot Relax Station Inc., which, through Xiang Man Zhang and/or Ke Xue

Zhang had knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to pay Plaintiff spread of time.

**COUNT VI.**
**VIOLATION OF N.Y. LAB. L. § 195.1—FAILURE TO FURNISH WAGE NOTICES**
**BROUGHT ON BEHALF OF THE PLAINTIFF AND THE CLASS**

124.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

125.    Section 195.1(a) of the NYLL provides that "[e]very employer shall provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

126.    Plaintiff was not provided a wage notice as provided by Section 195.1 of the NYLL within the first 10 business days of his employment or at any time thereafter.

127.    Section 198, Subsection 1-b of the NYLL provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section on hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's

fees. The court may also award other relief, including injunctive or declaratory relief, that the court in its discretion deems necessary and appropriate."

128.    Defendants, through Xiang Man Zhang and/or Ke Xue Zhang, knowingly, willfully, maliciously, and fraudulently received the assets ultimately of Aily Foot Relax Station Inc., and are successors of Aily Foot Relax Station Inc., and are successors of Aily Foot Relax Station Inc., which, through Xiang Man Zhang and/or Ke Xue Zhang had knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to furnish Plaintiff a wage notice as provided by Section 195.1 of the NYLL.

**COUNT VII.**
**VIOLATION OF N.Y. LAB. L. § 195.3—FAILURE TO FURNISH WAGE**
**STATEMENTS**
**BROUGHT ON BEHALF OF THE PLAINTIFF AND THE CLASS**

129.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

130.    Section 195.3 of the NYLL provides that "[e]very employer shall furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked[;] and the number of overtime hours worked."

131.    Plaintiff was not furnished a wage statement with each payment of wages.

132.   Defendants, through Xiang Man Zhang and/or Ke Xue Zhang, knowingly, willfully, maliciously, and fraudulently received the assets ultimately of Aily Foot Relax Station Inc., and are successors of Aily Foot Relax Station Inc., and are successors of Aily Foot Relax Station Inc., which, through Xiang Man Zhang and/or Ke Xue Zhang had knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to furnish Plaintiff a wage statement as provided by Section 195.3 of the NYLL with each payment of wages.

## COUNT VIII.
## VIOLATION OF N.Y. D.C.L. § 273—FRAUDULENT TRANSFER
## BROUGHT ON BEHALF OF THE PLAINTIFF AND THE CLASS

133.   Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

134.   The transfers of assets from Aily Foot Relax Station Inc. to NEW AILY FOOT RELAX STATION INC, and from NEW AILY FOOT RELAX STATION INC to EILEEN FOOT RELAX STATION INC were made with actual intent on the part of the Defendants to hinder, delay, or defraud the Plaintiff within the meaning of NYDCL § 273(b).

135.   Before the transfers, Aily Foot Relax Station Inc., Xiang Man Zhang and Ke Xue Zhang had been sued and had knowledge of the suit.

136.   Aily Foot Relax Station Inc. transferred substantially of its assets.

1.   Aily Foot Relax Station Inc. became insolvent shortly after the Fraudulent Transfer.

## JURY DEMAND

137.   Plaintiff demands a trial by Jury on all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of others similarly situated, respectfully requests that this Court enter a judgment providing the following relief:

A.      Avoiding the transfers of assets as from Aily Foot Relax Station Inc. to NEW AILY FOOT RELAX STATION INC, and from NEW AILY FOOT RELAX STATION INC to EILEEN FOOT RELAX STATION INC;

B.      Attachment or other provisional remedy against the Defendants' assets;

C.      An injunction against the further deposition of Defendants' assets;

D.      If Plaintiff obtains a judgment against Aily Foot Relax Station Inc. in *Aily I*, execution on the assets of Defendants;

E.      At the earliest practicable time giving notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendants as non-exempt workers. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied minimum wage or overtime pay;

F.      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

G.      An injunction against Defendants, their owners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, including but not limited to the Individual Defendants, from engaging in each of the unlawful practices and policies set forth herein;

H.      An award of untimely-paid wages, and liquidated damages equal to unpaid minimum wages, due to Plaintiff and the Class under the NYLL;

I.      An award of unpaid minimum wages, and liquidated damages equal to unpaid minimum wages, due to Plaintiff and the Class under NYLL and the Wage Order;

J.      An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and any opt-ins under FLSA;

K.      An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and the Class under NYLL and the Wage Order;

L.      An award of unpaid spread-of-time, and liquidated damages equal to unpaid spread-of-time, due to Plaintiff and the Class under the NYLL and the Wage Order;

M.      An award of up to $5,000.00 per Plaintiff and per Class member as a penalty for failure to furnish Plaintiff and the Class members with wage notices at time of hire;

N.      An award of up to $5,000.00 per Plaintiff and per Class member as a penalty for failure to furnish Plaintiff and the Class members with accurate wage statements with each payment of wages;

O.      An award of prejudgment interest at a rate of 9 percent *per annum* pursuant to Section 5004 of the New York Civil Practice Law and Rules;

P.      An award of reasonable attorneys' fees and costs;

Q.      An Order that, to the extent that any amounts remain unpaid upon the expiration of 90 days following the issuance of judgment, or 90 days after expiration of the time to appeal, no appeal then being pending, whichever is later, the total amount of judgment shall automatically increase by 15 percent, as required by Section 198, Paragraph 4 of the NYLL; and

R.      Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

Dated: Flushing, NY
          September 25, 2022

                                        TROY LAW, PLLC
                                        *Attorneys for Plaintiff and proposed Collective*
                                        *and Class*

_/s/ John Troy_

John Troy

Aaron B. Schweitzer

Tiffany Troy

41-25 Kissena Boulevard

Suite 103

Flushing, NY 11355

(718) 762-1324

troylaw@troypllc.com