UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
YONG BIAO JI, on behalf of himself and others      :
similarly situated,                                :
                 Plaintiff,       :          **MEMORANDUM OPINION**
v.                                                 :          **AND ORDER**
                                                   :
NEW AILY FOOT RELAX STATION INC. and               :          22 CV 8196 (VB)
EILEEN FOOT RELAX STATION INC.,                    :
             Defendants.       :
-------------------------------------------------------------x

Briccetti, J.:

      Familiarity with the factual and procedural background of this case is presumed,

particularly with the Court's prior Opinion and Order granting in part and denying in part the

defendants' motion to dismiss the complaint.  (Doc. #14).

      On June 25, 2023, defendants answered the complaint (Doc. #25 (the "Answer")) and

asserted counterclaims for tortious interference with a contractual relationship, unjust

enrichment, fraud, fraud upon the court, and requesting the imposition of sanctions on plaintiff's

counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.[1]

---

[1]     The Answer, which was filed by defense counsel Ning Ye, Esq., is confounding and
difficult to understand.  (See, e.g., Answer at ECF 7 ("Plaintiff and his group of dishonest,
greedy, duplex and unethical counsels, employed such subtle way of naked frauds to publicize
such an untrue publicity.").  However, it uses headings, bolded and underlined except one, to
clearly label five separate counterclaims.  (See Answer at ECF 6 ("Counterclaims:
Counterclaims I: Malicious Interference of Business Contractual Relation by Defamation and
Extortion and/or Attempted Extortion"); 9 ("Counterclaim II:  Unjust Enrichment . . .
. Counterclaim III: Frauds"); 11 ("CounterClaim IV: Fraud upon the Court"); 12 ("Counter
Claim V. 28 USC 1927 Sanctions Against Defrauding Counsels for Plaintiffs")).  Thus, the
Court fairly construes the Answer to assert only those counterclaims.

     The Court disagrees with plaintiff that defendants also assert separate and additional
counterclaims for "Civil Conspiracy" and "Malicious Interference," which appear under
subheadings five and six of the fourth counterclaim (there are no subheadings one through four;
the subheadings start at five).  (Answer at ECF 12–14).  However, to the extent defendants do
assert such additional counterclaims, they are dismissed.  These segments of the Answer refer to

Now pending is plaintiff's motion to dismiss the counterclaims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. #35).

For the reasons set forth below, the motion is GRANTED.

I.    <u>Fraud Upon the Court Counterclaim</u>

Plaintiff argues defendants' counterclaim for fraud upon the court must be dismissed because defendants have not identified a false statement made with fraudulent intent.

The Court agrees the counterclaim must be dismissed, because even if plaintiff's counsel made the allegedly fraudulent statement defendants claim, it cannot support a claim for fraud upon the court.

"A fraud upon the court occurs where it is established by clear and convincing evidence that a party has set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by unfairly hampering the presentation of the opposing party's claim or defense."  <u>Garcia v. Griffin</u>, 2021 WL 1577679, at *1 (S.D.N.Y. Apr. 22, 2021).

The Court construes the Answer to allege that fraud upon the court occurred when Troy Law PLLC ("Troy Law"), plaintiff's counsel in this action and in the prior, related case, <u>Ji v. Aily Foot Relax Station Inc.</u>, 19-cv-11881 (filed Dec. 29, 2019) ("the Prior Litigation"), "falsely

---

persons, facts, and events that have nothing to do with plaintiff, defendants, or their counsels. For example, under subheading five, it states:  "Plaintiffs in this instant action raised the claim for civil conspiracy in lieu of civil 'RICO' action . . . .  in this action, with Defendant Alan Gerson's involvement."  (Answer at ECF 12–13).  But plaintiff does not assert a civil conspiracy or RICO claim, and no person named Alan Gerson is involved in this lawsuit.  Under subheading six, defendants discuss "Defendants' bold action to seek for specific performance to gain the title of the land together with the car wash plant as its superstructure," none of which has anything to do with this case.  Accordingly, the facts stated under these subheadings are irrelevant to this case, and to the extent defendants assert counterclaims arising from these facts, they must be dismissed pursuant to Rule 12(b)(6).

declared it represented Ning Ye" in an unrelated action pending before the Bankruptcy Court for the District of Connecticut. (Answer at ECF 7). Based on this alleged misstatement, defendants appear to seek relief from orders and judgments in the Prior Litigation, specifically, relief from (i) an order granting Ning Ye's motion to withdraw from representing the defendants in that case (Prior Litigation, Doc. #181), and (ii) an order entering default judgment against the defendants in that case. (Prior Litigation, Doc. #202). See Fed. R. Civ. P. 60(d)(3) ("This rule does not limit a court's power to . . . set aside a judgment for fraud on the court.").

It is worth noting that the undersigned, who presided over the Prior Litigation, determined any such statement by Troy Law "appear[ed] to be a mistake." (Prior Litigation, Doc. #177 at 4 n.2). Nevertheless, even if Troy Law had falsely stated it represented Ning Ye in a Connecticut bankruptcy proceeding, this alleged misstatement fails to meet the high bar to plead a fraud upon the court claim.

"Fraud upon the court is fraud which seriously affects the integrity of the normal process of adjudication." McMunn v. Mem'l Sloan-Kettering Cancer Ctr., 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002). It will not be found, for example, based on "an isolated instance of perjury." Id. But a party may, for example, commit fraud upon the court by "falsifying evidence" or "[s]ubmitting falsified evidence" to the court. See N.Y. Credit & Fin. Mgmt. Grp. v. Parson Ctr. Pharmacy, Inc., 432 F. App'x 25, 25 (2d Cir. 2011) (summary order).

Here, it is irrelevant whether Troy Law represents, or does not represent, Ning Ye in an unrelated proceeding before the Connecticut bankruptcy court. Thus, even if Troy Law falsely stated it represents Ning Ye in such proceedings, such a misstatement does not suggest that Troy Law "lie[d] to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process" that would support a claim for fraud upon the court.

McMunn v. Mem'l Sloan-Kettering Cancer Ctr., 191 F. Supp. 2d at 445.

Accordingly, the fraud upon the court counterclaim must be dismissed.

II.    Request for Sanctions Counterclaim

Plaintiff argues defendants' fifth counterclaim for sanctions must be dismissed because it is procedurally improper under Rule 11, and 28 U.S.C. § 1927 is not a separate cause of action that can be asserted through a counterclaim.

The Court agrees the counterclaim must be dismissed as procedurally improper under Rule 11, but also because the request for sanctions lacks merit.

In the Prior Litigation, the defendants—also represented by Ning Ye—asserted a counterclaim requesting the Court to issue Rule 11 sanctions against Troy Law.  The undersigned granted plaintiff's motion in the Prior Litigation to dismiss that counterclaim because "First, a Rule 11 motion for sanctions cannot be raised as a counterclaim," "Second, defendants have made no showing they served the Rule 11 motion for sanctions on plaintiff under Rule 5 prior to filing it in court," and "Finally, and most importantly, sanctions on plaintiff or plaintiff's counsel are not warranted" because "the Court has already determined plaintiff plausibly alleged claims under the FLSA," and accordingly, the claims asserted in the Prior Litigation were not frivolous.  (Prior Litigation, Doc. #76 at 4).  Likewise here, defendants have moved for Rule 11 sanctions in the form of a counterclaim, defendants have made no showing that they served the Rule 11 motion on plaintiff prior to filing in court, and the Court has already determined that plaintiff has stated a claim for relief under the FLSA and state law.  (See Doc. #14).  Accordingly, defendants' present request for Rule 11 sanctions on Troy Law must be denied for the same reasons it was denied in the Prior Litigation.

Likewise, defendants' request to impose sanctions under Section 1927 must be denied.

4

Section 1927 permits the Court to require an attorney to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" when such attorney "so multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  However, the Court has already determined plaintiff has stated a claim for relief under the FLSA and state law.  (See Doc. #14).  Moreover, plaintiff's instant motion to dismiss defendants' counterclaims is meritorious, and not frivolous.  And defendants have failed to identify any other conduct by plaintiff's counsel that has delayed or multiplied the proceedings in this case.

Accordingly, defendants' counterclaim requesting that the Court to impose sanctions under Rule 11 and Section 1927 must be dismissed.

III.   Supplemental Jurisdiction

Because defendants' federal counterclaims are dismissed, plaintiff argues the Court lacks supplemental jurisdiction over the counterclaims arising under state law because they are premised on the litigation conduct of plaintiff, his lawyers, and Ning Ye in a prior lawsuit and do not derive from a common nucleus of operative fact with plaintiff's sole federal claim for failure to pay overtime under the FLSA.

The Court agrees.

A federal court may exercise supplemental jurisdiction over state law claims if they "form part of the same case or controversy" as the plaintiff's federal claims.  28 U.S.C. § 1367(a).  When diversity of citizenship is lacking, state law counterclaims asserted by a defendant in a federal action must comply with Section 1367.  See Jones v. Fort Motor Credit Co., 258 F.3d 205, 213 (2d Cir. 2004).

Here, the facts underlying plaintiff's federal claim concern how much he was paid, how many hours he worked, and the circumstances surrounding the alleged transfer of his employer's

assets to defendants for no consideration, purportedly to render his employer insolvent against a judgment for plaintiff in the Prior Litigation.

The state law counterclaims do not arise from these facts.

The tortious interference with a contractual relationship counterclaim alleges Troy Law, defamed Ning Ye when "Troy Law PLLC falsely declared it represented Ning Ye in the Connecticut Bankruptcy case." (Answer at ECF 7). According to Ning Ye, this alleged defamation caused a breakdown in the relationship between Ning Ye and his clients and the entry of a default judgment against his clients in the Prior Litigation.

However, even if Troy Law had falsely stated it represented Ning Ye in a Connecticut bankruptcy proceeding, that statement has nothing to do with plaintiff's federal overtime claim in this lawsuit. Thus, this counterclaim does not arise from a common nucleus of operative fact.

In a similar regard, the unjust enrichment counterclaim alleges the purported defamatory statement by Troy Law caused the unjust enrichment of plaintiff through the entry of the default judgment in the Prior Litigation. Likewise, the fraud counterclaim alleges Troy Law's purported misrepresentation comprised a fraud on defendants, this Court, and the Bankruptcy Court for the District of Connecticut.

Accordingly, these counterclaims are premised on the conduct of Troy Law and Ning Ye in the Prior Litigation and an unrelated Connecticut bankruptcy court action; they do not derive from the facts underlying plaintiff's FLSA overtime claim.

Defendants also premise the fraud counterclaim on alleged knowingly false statements plaintiff made about the terms and conditions of his employment in the Prior Litigation. For example, defendants allege plaintiff misrepresented the number of hours he worked and the amount he was paid. Plaintiff alleges the same facts in this action. (See Doc. #1 ¶¶ 59, 64, 65).

6

Thus, this counterclaim arises from statements plaintiff made during litigation; it does not arise from events during plaintiff's employment or the subsequent, and allegedly fraudulent, transfers of his employer's assets that underlie his federal claim.

Accordingly, the state law counterclaims do not arise from a common nucleus of operative fact with plaintiff's FLSA overtime claim, and must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Plaintiff's motion to dismiss the counterclaims asserted in the Answer is GRANTED.

The Court will hold a case management conference on November 15, 2023, at 12:00 p.m., to proceed in person at the White Plains Courthouse, Courtroom 620.

All counsel must attend the conference, including Ning Ye, Esq.  If Mr. Ye is unable to appear at the November 15 conference, he may request an adjournment of the conference in compliance with the Court's Individual Practices, or his clients may arrange for another attorney to appear on defendants' behalf.

Plaintiff is directed to serve this Memorandum Opinion and Order on each defendant through the secretary of state and at each defendant's last known mailing address.

The Clerk is instructed to terminate the motion.  (Doc. #35).

Dated: October 13, 2023
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

7